IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIANAY RODRIGUEZ, | § § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. 5:23-cv-379 |
| vs. | § § | JURY TRIAL DEMANDED |
| GRYPHON CORPORATION and CONOCOPHILLIPS COMPANY, | § § § § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Vianay Rodriguez ("Rodriguez") files this Original Complaint against Gryphon Corporation ("Gryphon") and ConocoPhillips Corporation ("ConocoPhillips"), and would show as follows:

## THE PARTIES

1. At all times relevant to this lawsuit, Plaintiff Vianay Rodriguez was an individual residing in Cameron County, Texas.

2. Gryphon Corporation is a domestic for-profit corporation in San Antonio, Bexar County, Texas, and it may be served with citation by serving Kathryn E. Musgrave, 9207 Village Drive, San Antonio, TX 78217.

3. ConocoPhillips Company is a foreign for-profit corporation in Bartlesville, Oklahoma, and it may be served with citation by serving United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. Defendants are liable to Plaintiff as her employer, joint employer, and because they are a single integrated business enterprise. Defendants have a common purpose, policies, upper-level accounting and management, and control. Defendants constitute a joint enterprise.

Defendants are liable to Plaintiff under the joint employer, single employer, and single integrated business enterprise theories.

## JURISDICTION AND VENUE

5.  Federal Question jurisdiction over Plaintiff's Title VII is conferred on this Court by 28 U.S.C. § 1331 because this action arises under federal law.

6.  Venue in this Court is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## CONDITIONS PRECEDENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission against each Defendant. The EEOC mailed Plaintiff a right-to-sue letter giving Plaintiff ninety days to file suit. Plaintiff has filed this lawsuit within those 90 days.

8.  All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## BACKGROUND

9.  Plaintiff was hired as a temp through Gryphon to work for ConocoPhillips office since approximately July 2, 2020, as a COVID-19 tester.

10. Plaintiff was assigned to work at ConocoPhillips main office in Kenedy, Texas.

11. Plaintiff's supervisor was Tim Allen, an employee of ConocoPhillips.

12. Plaintiff began to experience unwanted sexual comments and sexual harassment in the workplace from Allen.

13. For example, Allen told Rodriguez her "eyes were hypnotizing, that I was very attractive."

14. On another occasion, Allen showed Rodriguez the "privacy room." The "privacy room," is a lactation room and is a private space where a nursing mother can use a breast pump.

15. Allen stated to Rodriguez that he was the only person with access to the room. He then asked Rodriguez to join him in the lactation room.

16. Allen proceeded to unzip his pants in front of Rodriguez and exposed his erect penis. He stated to Rodriguez that " he was a dirty boy and that it was me who did that to him. If I could make him happy, I could keep my job and even get hired at Conoco full-time in the future."

17. Rodriguez walked out of the lactation room.

18. Additionally, Allen continued to make sexual comments to Rodriguez in the workplace. On another occasion Tim Allen stated to Rodriguez "I wanna lick your p**sy." "You make me a naughty boy" and "I love you."

19. Allen would send Rodriguez unwanted text messages expressing his "love" for Rodriguez. There are multiple text messages from Allen to Rodriguez that were sexually harassing like the following.



20.     Allen expressed to Rodriguez that he did not want Rodriguez's co-worker Dr. Brett Thackery to visit her home or go near her due to his jealousy of Dr. Thackery.

21.     Rodriguez attempted to tolerate Allen's behavior to continue her employment but he would threaten her with his 30-year tenure with ConocoPhillips claiming he had an impeccable record and no issues with the company.

22.     Allen stated if Rodriguez complained "no one would believe a Hispanic uneducated female."

23.     Prior to Rodriguez's termination, one of the ConocoPhillip's employees informed the owner of Gryphon, Ryan Mcmillan, that Rodriguez and Dr. Thackery were doing a great job. A text message demonstrates that Rodriguez was praised for her work.



24.     Allen was on vacation at the time of the conversation.

25.     Jennifer Villareal, Allen's employee, had made comments to Dr, Thackery questioning Rodriguez's working relationship with Allen and if there was something going on between the two because Allen was only around when Rodriguez was around.

26.      In November 2020 the lobby receptionist forwarded information to Allen that Rodriguez was invited to dinner by an employee.

27. The same night Rodriguez's Gryphon Manager, Don Dulaney went to Rodriguez's hotel room and stated Allen wanted her terminated and removed from ConocoPhillip's property.

28. Dulaney told Rodriguez she was terminated despite there being no complaints against her and despite that she had received praise for her work. A related text message followed:



29. Afterward, Rodriguez filed a charge of discrimination with the EEOC alleging sex discrimination and retaliation.

30. The EEOC issued a letter of determination in which the EEOC found Rodriguez's claims were substantiated.

31. Gryphon refused the EEOC's conciliation efforts. This lawsuit followed.

## FIRST CAUSE OF ACTION – SEX DISCRIMINATION

32. Rodriguez incorporates all above paragraphs herein.

33. ConocoPhillips's employee Tim Allen, subjected Rodriguez to unlawful sexual harassment and discrimination.

34. Neither Gryphon nor ConocoPhillips attempted to address the unlawful sexual harassment and discrimination.

35. Defendants then terminated Rodriguez in violation of protections against sexual discrimination. Rodriguez's termination was motivated by her rejection of Allen's sexual advances.

36. Additionally, Defendants maintained a hostile work environment in which Allen sexually harassed Rodriguez.

37. This harassment was of both (1) quid-quo-pro harassment, and (2) harassment that creates a hostile or offensive work environment.

## SECOND CAUSE OF ACTION - RETALIATION

38. Rodriguez incorporates all above paragraphs herein.

39. ConocoPhillips and Gryphon retaliated against Rodriguez for complaining about Allen and/or because Rodriguez rejected Allen's sexual advances.

40. For example, ConocoPhillips and Gryphon terminated Rodriguez.

## PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

41. Plaintiff would show that the acts and omissions of the Defendants were intentional, or were willful and malicious, or were in heedless and reckless disregard for the rights of Plaintiff and showed such utter and callous indifference and conscious disregard of the rights of Plaintiff as to constitute malice or gross negligence and be a proximate cause of the resulting damages and

injuries sustained by Plaintiff. Further, Defendants' actions in terminating Plaintiff indicate malice towards Plaintiff and Defendants should be punished by an award of punitive damages. Thus, Plaintiff is entitled to recover punitive damages against Defendants because they acted with malice or, at least, with reckless and/or conscious indifference as contemplated by the Title VII and 42 U.S.C. § 1981a.

## JURY DEMAND

42. Plaintiff respectfully requests that this matter be tried before a jury.

## PRAYER

43. Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against Defendants and that she be awarded the following:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages, including but not limited to emotional pain and suffering and mental anguish damages;

   d. Punitive damages;

   e. Attorneys' fees;

   f. Court costs;

   g. Pre-judgment interest;

   h. Post-judgment interest;

   i. Injunctive relief such as required training for Defendants' employees; and

   j. All other relief, in law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By:    /s/ Clayton D. Craighead
        Clayton D. Craighead
        State Bar No. 24065092
        S.D. Texas No. 958992
        440 Louisiana, Suite 900
        Houston, TX 77002
        (832) 798-1184 – Telephone
        (832) 553-7261 – Facsimile
        clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF