IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Vianay Rodriguez** <br><br> Plaintiff; <br><br> v. <br><br> **Gryphon Corporation and ConocoPhillips Company** <br><br> Defendants. | Civil Action No.: 5:23-cv-379 |

### Defendant ConocoPhillips Company's
### Original Answer to Plaintiff's Original Complaint

Defendant ConocoPhillips Company (misidentified by Plaintiff as "ConocoPhillips Corporation") ("COP" or "Defendant"), files this Original Answer to Plaintiff Vianay Rodriguez's Original Complaint (Doc. 1) (the "Complaint"). COP denies every allegation in the Complaint not specifically admitted below. This Original Answer's headings and numbered paragraphs correspond to those in the Complaint, without admitting, and instead expressly denying, the validity of any allegations made in or implied by the headings.

### THE PARTIES

1. COP admits that Plaintiff is an individual. COP is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and COP therefore denies the remaining allegations in paragraph 1.

2. COP is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and COP therefore denies the allegations in paragraph 2.

3. Admitted.

1

4. Denied. Further, and pleading in the affirmative, COP never employed Plaintiff, COP and Gryphon Corporation are not a single or integrated business enterprise, COP and Gryphon Corporation do not have a common purpose, and COP and Gryphon Corporation are not a joint enterprise.

## JURISDICTION AND VENUE

5. COP admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 because Plaintiff asserts a claim under Title VII. COP denies all allegations, express or implied, in paragraph 5 other than those expressly admitted. Further answering, COP did not employ Plaintiff and therefore denies that it can be liable to Plaintiff under Title VII as asserted in the Complaint.

6. COP does not contest venue at this time. Further answering, COP did not employ Plaintiff and therefore denies that any of its acts or omissions may give rise to Plaintiff's claim against it. COP likewise denies maintaining or administering any employment records relating to Plaintiff. COP denies all remaining allegations in paragraph 6.

## CONDITIONS PRECEDENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. COP admits that Plaintiff filed a charge of discrimination against it with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission. COP is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7, and COP therefore denies the remaining allegations in paragraph 7.

8. COP is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and COP therefore denies the remaining allegations in paragraph 8.

**BACKGROUND**

9. COP admits that, at all times relevant to the claims asserted in the Complaint, Plaintiff was an employee of Gryphon ESP ("Gryphon"), a former contractual supplier of services to COP. COP also admits that Gryphon supplied COVID-19 testing services to COP employees and contract workers in 2020. COP is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and COP therefore denies the remaining allegations in paragraph 9.

10. COP admits that it engaged Gryphon to provide services at a field office location in Kenedy, Texas and that, upon information and belief, Gryphon, Plaintiff's employer, assigned Plaintiff to work at the Kenedy, Texas field office. COP denies all remaining allegations in paragraph 10 including any implication that Plaintiff was a COP employee.

11. Denied.

12. Denied.

13. Denied.

14. COP admits that there existed in 2020 at its Kenedy, Texas field office location a private room designated for use by nursing mothers. COP denies all remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Reserving fully all objections as to authenticity and admissibility, COP admits that there exists a text message that appears to reflect Tim Allen stating "I Love you" to Plaintiff. COP denies all remaining allegations in paragraph 18.

19. Reserving fully all objections as to authenticity and admissibility, COP admits that there exists a text message that appears to reflect Tim Allen stating "I Love you" to Plaintiff. COP denies all remaining allegations in paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Reserving fully all objections as to authenticity and admissibility, COP admits that paragraph 23 includes a graphic that appears to reflect a text message string involving Don Dulaney and that the messages in the string relate to the services Gryphon was engaged by COP to perform in Kenedy, Texas. COP denies all remaining allegations in paragraph 23.

24. COP is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and COP therefore denies the allegations in paragraph 24.

25. Denied.

26. Denied.

27. COP is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and COP therefore denies the allegations in paragraph 27. Further answering, and pleading in the affirmative, COP denies that it employed Plaintiff and therefore denies that it had the power to terminate Plaintiff's employment with Gryphon.

28. Denied.

29. COP admits that Plaintiff filed a charge of discrimination alleging sex discrimination and retaliation against it with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission. COP denies all allegations in paragraph 9 other than those expressly admitted.

30. Denied.

31. COP admits that Plaintiff filed this lawsuit. COP is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 as to any efforts by the U.S. Equal Employment Opportunity Commission to conciliate, and COP therefore denies the remaining allegations in paragraph 31.

## FIRST CAUSE OF ACTION – SEX DISCRIMINATION

32. COP hereby incorporates by reference the preceding paragraphs above as if fully set forth herein, including specifically and without limitation each denial above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## SECOND CAUSE OF ACTION - RETALIATION

38. COP hereby incorporates by reference the preceding paragraphs above as if fully set forth herein, including specifically and without limitation each denial above.

39. Denied.

40. Denied.

## PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

41. Denied.

## JURY DEMAND

42. Paragraph 42 sets forth Plaintiff's demand for a jury trial, and the Rules require no response.

## PRAYER

43. COP denies that Plaintiff is entitled to any relief from COP, as asserted in the Prayer of the Complaint or otherwise, and denies any and all remaining allegations paragraph 43.

## DEFENSES

COP pleads the following additional defenses to the Complaint alternatively, without admission or concession that it bears the burden of proof for any of them:

1. COP never employed Plaintiff for purposes of Title VII or otherwise and therefore cannot be liable as asserted.

2. Plaintiff was an independent contractor and therefore does not have standing to sue under Title VII, is not covered by the provisions of Title VII, and is not entitled to damages under Title VII as asserted.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. Some or all of Plaintiff's claims are time-barred.

5. Plaintiff has failed to comply with all conditions precedent and administrative prerequisites to filing suit.

6. To the extent COP took any action with respect to Plaintiff, all actions taken with respect to Plaintiff were privileged and taken in good faith and for legitimate, non-discriminatory reasons.

7. Plaintiff has failed to exercise reasonable diligence to mitigate her damages, if any. Alternatively, to the extent Plaintiff has mitigated her damages, COP is entitled to offset any interim earnings from such damages.

8. Some or all of Plaintiff's claims for damages are capped by statute and/or are unconstitutional.

9. COP denies that it subjected Plaintiff to any discriminatory action but states, without any admission of employment status, that, if such action is established, the same decisions with respect to Plaintiff would have been made in the absence of any discriminatory motive.

10. Subject to proof through discovery, Plaintiff's request for relief is barred in whole or in part by the after-acquired evidence doctrine.

11. Some or all of Plaintiff's claims fail because Plaintiff lacked the requisite intent.

12. Without admission or concession that it employed Plaintiff, at all times relevant, COP exercised reasonable care to prevent and promptly correct any conduct violative of Title VII, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to otherwise avoid harm.

COP reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. COP preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable. By pleading a specific defense, COP does not assume the burden of proof with respect to such defense if the burden of proof is properly on Plaintiff.

COP asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff and award COP all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Corey E. Devine*
Corey E. Devine
State Bar No. 24055399
cdevine@m2dlaw.com
Mariah O. Berry
State Bar No. 24109643
mberry@m2dlaw.com
MUSKAT, MAHONY & DEVINE, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Facsimile:  713-987-7854

**Counsel for Defendant ConocoPhillips Company**

### Certificate of Service

This document has been served on all parties on April 25, 2023 through the Court's ECF system.

*/s/ Corey E. Devine*
Corey E. Devine

**Counsel for Defendant ConocoPhillips Company**